IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCOTT, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:17-100 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) Re: ECF No. 42 |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Donald Scott ("Plaintiff"), an inmate at the State Correctional Institution at Somerset, has presented a *pro se* civil rights Complaint. ECF No. 1. Currently before this Court is a Motion to Compel filed by Plaintiff seeking an order directing Defendant to provide responses to Plaintiff's second, third and fourth discovery requests. ECF No. 42.

Also before the Court is Defendant's Brief in Opposition to Plaintiff's Motion to Compel. ECF No. 45. Therein, Defendant asserts: (1) its response to Plaintiff's Fourth Request for Production is not yet due; and (2) its responses to Plaintiff's other discovery requests (which are outlined in and attached to the Brief) were proper. Id.

As this Court has recently explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa.

1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

Plaintiff has failed to meet his burden to prove the relevance of the material requested. He offers a boilerplate statement that he seeks evidence which will help him prove or disprove issues in his case, ECF No. 42 ¶ 20; however, he does not explain the relevance of any of the disputed evidence to any issue or claim in his case. Further, it is worth noting that the Court's review of Defendant's discovery responses attached to his Brief in Opposition did not reveal any facially improper responses.

AND NOW, this 11th day of January, 2018, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 42, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Donald Scott
JY-1727
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record via CM/ECF