IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Civil Action No. 3:17-100<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 49 and 50 |

# **MEMORANDUM ORDER**

Plaintiff Donald Scott ("Plaintiff"), an inmate at the State Correctional Institution at Somerset, has presented a *pro se* civil rights Complaint. ECF No. 1. Currently before this Court is a Motion to Compel filed by Plaintiff seeking an order directing Defendant to provide responses to Plaintiff's fourth and fifth discovery requests. ECF No. 49. Also before the Court is Defendant's Brief in Opposition to Plaintiff's Motion to Compel. ECF No. 52.

As this Court has recently explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

In his Motion to Compel, Plaintiff objects to many of Defendant's responses but he only asserts the relevance of the material requested as to two subjects. Thus, he can only carry his burden on the responses related to these two subjects.

First, in his Fifth Request for Production of Documents, Plaintiff sought to discover the number of "legal assistance requests" denied in the last four years. ECF No. 49-1 at 2. Defendant objected, stating that the request was overbroad, unduly burdensome because the records were not kept in a way that would make the information easy to obtain, irrelevant, and not proportional to the case. Id. at 3. In his Motion to Compel, Plaintiff argues that the information was necessary "for p[e]rjury and false statements." ECF No. 49 at 4. He presents further argument concerning fails to demonstrate how the information sought is relevant to his case in any way. Accordingly, he is not entitled to relief as to this request.

Also in his Fifth Request for Production of Documents, Plaintiff sought statistics for ADA accommodation requests made to CHCA Brian Hyde in the last four years. ECF No. 49-1 at 6-8. Defendant objected to these requests on the bases that the information was overbroad, unduly burdensome and not relevant or proportional to the case. Id. However, Defendant also stated that Brian Hyde had no ADA requests as described in the past four years. Id. In his Motion to Compel, Plaintiff argues that the information sought will show that no inmates are accommodated in the library. ECF No. 49 ¶ 6. Because Defendant has no information concerning ADA requests to Brian Hyde in the past four years, that information cannot be compelled.

Having failed to carry his burden, Plaintiff's Motion to Compel will be denied.

In addition to the Motion to Compel, also before the Court is Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 50, and Defendant's Brief in Opposition. ECF No. 53. Plaintiff seeks an additional 60 days for discovery, on the principal basis that he scheduled depositions to be taken at SCI-Somerset on February 22, 2018, but, due to his now-scheduled temporary transfer to Allegheny County Jail for a trial, he will not be at SCI-Somerset on February 22, 2018. ECF No. 50 at 2-3. In opposition to this Motion, Defendant asserts that the discovery deadline in this case has twice been extended past its original November 29, 2017, date to its present March 5, 2018, date. ECF No. 53 at 1. Defendant argues that Plaintiff could have noticed depositions much earlier in the discovery period, but did not. Id.

The Court takes judicial notice that the trial at which Plaintiff was supposed to testify has been continued to March 26, 2018.[1] However, it is not clear from the docket of that case the date on which the trial was continued. Thus, it is possible that Plaintiff was still transferred in anticipation of the scheduled trial. Accordingly, Plaintiff's Motion for Extension of Time will be granted to the extent that the discovery will be due by April 6, 2018. No further extensions will be given.

---

1 https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0003734-2017 (last visited 2/16/18).

AND NOW, this 20th day of February, 2018, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 49, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 50, is GRANTED insofar as the discovery deadline is extended to April 6, 2018. A fourth, and final, Case Management Order will issue.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Donald Scott
JY-1727
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record via CM/ECF