IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> Defendant. ) | Civil Action No. 3:17-100 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 63 |

## ORDER OF COURT

Presently before the Court is a Motion for Preliminary Injunction filed by Plaintiff Donald Scott ("Plaintiff"), ECF No. 63, and a Response in Opposition to the Motion for Preliminary Injunction filed by Defendant Pennsylvania Department of Corrections ("Defendant"), ECF No. 66. Also before the Court is a Letter to the Court and Supplement filed by Plaintiff, ECF No. 67, and a Response to the Supplement, filed by Defendant, ECF No. 68.

Preliminary injunctive relief is an extraordinary remedy and should issue in only limited circumstances. Four factors inform a court's decision as to the issuance of a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The moving party's "failure to establish any element ... renders a preliminary injunction inappropriate." NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999). Further, the burden on the moving party is particularly heavy when the preliminary

injunction is directed not merely at preserving the status quo, but at providing mandatory relief. Doe v. Banos, 416 F. App'x 185, 188 (3d Cir. 2010).

Finally, the Court notes that, "a prisoner's request for injunctive relief must 'be viewed with great caution' because of the 'intractable problems of prison administration.'" Milhouse v. Fasciana, 721 F. App'x 109 (3d. Cir. 2018) (quoting Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)).

In the Motion for Preliminary Injunction, Plaintiff seeks to be relocated to another cell block where there is a peer specialist and which is closer to the medical department than his present assignment. In its Response, Defendant agreed that Plaintiff should be relocated to a cell block closer to the medical department and represented that Certified Peer Specialists are available on all housing units. Defendant stated that it was moving Plaintiff to "FB unit," which is equally as close to the medical department as the unit to which Plaintiff requests to be moved.[1]

In the Supplement filed by Plaintiff, he indicated he was agreeable to the move to FB unit, but needed lower bunk status, which Defendant was not providing. In its Response to the Supplement, Defendant explained that Plaintiff did not have lower bunk status at the time the move to FB unit was proposed, but that the doctor at SCI-Somerset recently re-evaluated Plaintiff's bunk status and determined that he should have lower bunk status. Defendant represents that Plaintiff will be now housed on a lower bunk on FB unit.

---

[1] Plaintiff requested to be moved to AB unit, which Defendant represents is a Residential Treatment Unit for inmates with serious mental illness. Plaintiff does not qualify for housing on this unit.

2

In light of Defendant's agreement to meet Plaintiff's needs, the Court need not decide the merits of this Motion for Preliminary Injunction.

AND NOW, this 22nd day of February, 2019, IT IS HEREBY ORDERED that the Motion for Preliminary Injunction, ECF No. 63, is DENIED AS MOOT.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE